JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00443-RGK-PLA | Date | May 13, 2020 |
|---|---|---|---|
| Title | *SANDY DEMIAN, et al v. ESA MANAGEMENT, LLC* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Remanding Action to State Court**

On February 9, 2019, Sandy Demian and Ester Williams ("Plaintiffs") filed a complaint against Extended Stay America and BRW HV Properties alleging claims for negligence, intentional infliction of emotional distress, and nuisance, arising from personal injuries sustained by Plaintiffs while staying at Defendants' hotel. Specifically, due to the condition of the hotel room, Plaintiffs suffered severe bed bug bites. On October 17, 2019, Plaintiffs filed a First Amended Complaint adding ESA Management as a defendant. On November 26, 2019, Extended Stay America and BRE HV Properties were dismissed from the action, leaving ESA Management ("Defendant") as the only remaining defendant.

On January 15, 2020, Defendant removed the action to this Court alleging jurisdiction on the grounds of diversity of citizenship. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involved an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54(2014). If the plaintiff contests, or the court questions, the defendant's allegation, the defendant must establish that the jurisdictional requirement has been met by a preponderance of the evidence. *Guas v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

In their complaint, Plaintiffs seek general and special damages, and attorneys' fees and costs. In support of its removal, Defendant states that there are two plaintiffs, both of whom claim physical and emotional injuries resulting in the need for medical treatment. Defendant also states that Plaintiffs' allegations of intentional infliction of emotional distress could also be the basis for punitive damages.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-00443-RGK-PLA | Date | May 13, 2020 |
|---|---|---|---|
| Title | *SANDY DEMIAN, et al v. ESA MANAGEMENT, LLC* | | |

Defendant then states summarily that based on these facts, the amount in controversy is above the requisite $75,000 jurisdictional minimum. This conclusory notice fails to satisfy Defendant's burden of showing by a preponderance of the evidence, or even plausibly alleging, that the amount in controversy exceeds $75,000.

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

            : 

Initials of Preparer